# UNITED STATES BANKRUPTCY COURT
## _____ District _____ KANSAS _____

In re STEVEN C. LEWIS and KIMBERLY L. LEWIS,
     Debtor

LINDA S. PARKS, Trustee
     Plaintiff
     v.
CONSUMER LAW ASSOCIATES, LLC, et al.,
     Defendant

**SUBPOENA IN AN ADVERSARY PROCEEDING**

Case No. * 10-10117

Chapter 7

To: VERIZON WIRELESS,
Attn: Custodian of Records
180 Washington Valley Road
Bedminster, NJ 07921

Adv. Proc. No. * 10-5098

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED.

| PLACE | DATE AND TIME |
| --- | --- |
| 245 N. Waco, Suite 402, Wichita, KS 67202 | March 15, 2011 at 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

  Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| s/ W. Thomas Gilman, #11867 | 2/16/2011 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
W. Thomas Gilman, 245 N. Waco, Suite 402, Wichita, KS 67202 - Attorney for Defendants

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

B255 (Form 255 – Subpoena in an Adversary Proceeding) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | 2/17/2011 | 180 Washington Valley Road, Bedminster, NJ 07921 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| VERIZON WIRELESS Custodian of Records | Federal Express |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| W. Thomas Gilman, #11867 | Attorney for Defendants |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  02/17/2011            s/ W. Thomas Gilman, #11867
            DATE                    SIGNATURE OF SERVER

Redmond & Nazar, LLP
245 N. Waco, Ste. 402, Wichita, KS 67202
(316) 262-8361 / (316) 263-0610 fax
wtgilman@redmondnazar.com

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:<br><br>STEVEN CARL LEWIS and KIMBERLY LYNNE LEWIS,<br>　　　　　*Debtors.*<br><br>LINDA S. PARKS, Trustee,<br>　　　　　*Plaintiff*,<br><br>　　　　　v.<br>CONSUMER LAW ASSOCIATES, L.L.C. and DAVID HERRON,<br>　　　　　*Defendants*. | Case No. 10-10117<br>Chapter 7<br><br><br><br>Adversary No. 10-05098 |

**ATTACHMENT TO SUBPOENA ISSUED TO VERIZON WIRELESS**

PRODUCE THE FOLLOWING:

1.　　　　With respect to Account No.　　　　9-00001 and Telephone No.　　　　5238, or any other accounts that were in the names of the debtors, Steven Lewis and/or Kimberly Lewis, produce copies of all phone records setting forth incoming and outgoing telephone numbers for such accounts/phones covering the period from October 1, 2009 through January 15, 2010.



FedEx Express  
Customer Support Trace  
3875 Airways Boulevard  
Module H, 4th Floor  
Memphis, TN 38116

U.S. Mail: PO Box 727  
Memphis, TN 38194-4643

Telephone: 901-369-3600

February 17,2011

Dear Customer:

The following is the proof-of-delivery for tracking number **796769374707**.

| Delivery Information: | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered to:** | Guard/Security Station |
| **Signed for by:** | F.MARAVILLA | **Delivery location:** | 180 WASHINGTON VALLEY RD<br>BEDMINSTER, NJ 07921 |
| **Service type:** | First Overnight Envelope | **Delivery date:** | Feb 17, 2011 07:50 |



| Shipping Information: | | | |
|---|---|---|---|
| **Tracking number:** | 796769374707 | **Ship date:** | Feb 16, 2011 |
| | | **Weight:** | 0.5 lbs/0.2 kg |

Recipient:  
Attn Custodian of Records  
Verizon Wireless  
180 WASHINGTON VALLEY RD  
BEDMINSTER, NJ 07921 US  
**Reference**

Shipper:  
W. Thomas Gilman  
Redmond & Nazar, LLP  
245 North Waco, Suite 402  
Wichita, KS 67202 US  
Persels / Lewis

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service  
1.800.GoFedEx 1.800.463.3339

 

**Print page** | **Close**



## Detailed Results

Tracking no.: 796769374707    Select time format: **12H**

### Delivered

**Delivered**
Signed for by: F.MARAVILLA

**Shipment Dates**
Ship date   Feb 16, 2011
Delivery date   Feb 17, 2011 7:50 AM

**Destination**
BEDMINSTER, NJ
Signature Proof of Delivery

### Shipment Options

**Hold at FedEx Location**
Hold at FedEx Location service is not available for this shipment.

### Shipment Facts

| Service type | First Overnight Envelope | Delivered to | Guard/Security Station |
|---|---|---|---|
| Weight | 0.5 lbs/.2 kg | Reference | Persels / Lewis |

### Shipment Travel History

Select time zone: Local Scan Time

All shipment travel activity is displayed in local time for the location

| Date/Time | Activity | Location | Details |
|---|---|---|---|
| Feb 17, 2011 7:50 AM | **Delivered** | BEDMINSTER, NJ | |
| Feb 17, 2011 7:02 AM | On FedEx vehicle for delivery | BRANCHBURG, NJ | |
| Feb 17, 2011 7:02 AM | At local FedEx facility | BRANCHBURG, NJ | |
| Feb 17, 2011 6:13 AM | Arrived at FedEx location | NEWARK, NJ | |
| Feb 17, 2011 3:10 AM | Departed FedEx location | MEMPHIS, TN | |
| Feb 17, 2011 12:12 AM | Arrived at FedEx location | MEMPHIS, TN | |
| Feb 16, 2011 10:15 PM | Left FedEx origin facility | WICHITA, KS | |
| Feb 16, 2011 6:47 PM | Picked up | WICHITA, KS | |
| Feb 16, 2011 12:31 PM | Shipment information sent to FedEx | | |